Good morning. May it please the court, my name is Kyle Wong, and I'm appearing on behalf of Petitioner Reza Nagahi. Counsel, let me ask you a question before you start. Your opponent, I guess California Employment Development Department, has said in its brief that a remand to the district court so your client may be provided with the two possible forms of relief to which he may be eligible, the appropriate measure of additional trade readjustment allowance benefits, and a written notification regarding his application for remedial benefits. They've conceded he's entitled to that. Doesn't that disclose of your appeal? No, it does not, Your Honor. Why? Because Mr. Nagahi's he's seeking to vindicate two interests. One is his interest in the benefits, so that is the additional TRA and the written determination with respect to his remedial education benefits. But there's also his statutory and constitutional rights that have been violated, to which he is entitled to relief and damages. It's not just that the State, after 8 years, has finally come forward to admit that it should have granted. You know, we go through lots of Social Security benefits cases where it takes a lot longer than that, and I've never seen anybody sue for the delay, nor did in your opening brief do I see any discussion of a request for anything other than the two forms of relief the State has stipulated to. No, I believe, Your Honor, that we are seeking the granting of summary judgment with respect to our claims under the Administrative Procedures Act, the First, Fifth, and Fourteenth Amendments and Section 1983 and the issues. So why do we have jurisdiction over those? I'm sorry? Why do we have jurisdiction over those? Because there has been a constitutional violation and no. No, no. Appellate jurisdiction. What I mean, normally you cannot appeal from a denial of summary judgment. There are some exceptions when the issues are intertwined with the issue, with the particular issue on which the Court granted summary judgment to the other party. You could not have appealed, absent the decision against your client on this exhaustion grounds, you could not have raised those issues here. So tell me why we have jurisdiction to consider those. I'm sorry, I don't understand your question, Judge Thomas. You can't appeal from a denial of summary judgment. You would agree with that? Well, but final judgment was entered in favor. Right. And the exception is if the final judgment, if the basis on which the final summary judgment was issued in favor of your opponent is intertwined and directly related to the issues that you raise. It doesn't appear to me that they are. So tell me why we have appellate jurisdiction to resolve those issues on appeal. And while you're thinking about that, tell me why you think that the record is sufficiently and fully developed on those issues, even if we were to exercise jurisdiction, for us to grant summary judgment in your favor. Well, I believe that both the State and Petitioner believe that there is appellate jurisdiction here. There's a Federal question. The district court disposed of all of the claims that entered judgment on those grounds. Right. But you're asking for an affirmative relief here. Yes. For us to grant summary judgment or to reverse the denial of summary judgment. So my questions are twofold. One, because generally, as a matter of general course, the decision of the district court to deny summary judgment is not appealable. We would not ordinarily have jurisdiction. So you need to explain to me why we have jurisdiction over those claims, not over this case. And two, it appears to me that, for example, with respect to your First Amendment claim, that it's undeveloped. And so I'm not, again, I'm not quarreling with you. These are just problems I have that you need to help me out with. Explain to me why you think the record is fully developed on those claims and why we have appellate jurisdiction. Well, this is the third time that the parties have briefed summary judgment. So I think that if you look at the record and you look at our briefing, we've made full arguments as to why we believe the First Amendment has been violated. The State has had three times, three opportunities to articulate its basis for why it believes the First Amendment's claim has no merit. And I would submit that because there are also no material issues of fact in dispute, the State adopted our factual background as stated in the opening brief, that this Court then has the full briefing of the parties and has the necessary facts that are required to make the determination. Can I just expand upon that just a little bit? I'm trying to figure out why you're insisting upon going forward on your motion for summary judgment on all of the issues that you've raised. And the reason is this. You haven't asked for nominal damages. So, you know, I thought maybe you were looking for attorneys' fees. You haven't asked for nominal damages. And then you're asking for damages against, theoretically, a State organization. And don't you run right into an Eleventh Amendment problem? They're not – they're immune, essentially, from damages. So what are you seeking to obtain other than the injunctive relief that you've sought and basically the repayment of the monies that are due to your client under both of those programs? Well, Your Honor, Mr. Tagahi sued – first of all, Mr. Tagahi was representing himself pro se in the district court. So I can't speak exactly to all of the motivating factors in his – in the district court. But the Eleventh Amendment issue, I think, was already disposed of below because he did sue the EDD, and that was found to be an instrumentality and thus immune from suit under the Eleventh Amendment. But he sued the individual respondents in their individual capacities. So I think that takes us out of the realm of an Eleventh Amendment issue with respect to damages. So what damages would you claim, Your Honor? Emotional distress with respect to the eight years that it's taken. He's made a number of appeals that have all been successful within the agency. And the agency continues to deny him his rights. It's been eight years since he – the agency was ordered to pay additional TRA. It's been eight years since the agency was ordered to issue a written determination with respect to his remedial education benefits, and he is still waiting. And it's nice now that the State seems to be conceding those two issues on appeal, but that doesn't compensate him for the harms that he suffered in the intervening eight years while waiting. And I'm not sure I can't speak to the nominal damages, but I do believe Mr. Nagahi has alleged damages under – Going back to the factual development, have you developed all of the harm that he suffered over this period of time? Obviously, you haven't. To whether or not you actually have a viable claim for emotional distress, et cetera, doesn't that always – doesn't that have to go back to the fact that he's entitled to a grant of summary judgment on the appellate level? I believe that that is – that you could remand for purposes of a damages trial where he could establish that he – the necessary prerequisites for why he believes he's entitled to a specific amount of compensatory damages. So I think really what we are asking for is a grant of summary judgment with respect to liability, just that the government has violated the statutory and then there should be a trial on the damages question. We're not asking for you to enter in some number that the government would be required to pay. So am I correct that your First Amendment theory, once we distill it, is this, that although he could petition the government and did petition the government, he didn't get a written ruling and, therefore, the First Amendment is violated? Well, the ALJ at 384 said, that the only jurisdiction given to ALJs is appeals from the determination and no one's appealed the determination. She goes on to note that without a written determination, she is without jurisdiction. But by – Jurisdictional finding against you – or that jurisdictional finding violates the First Amendment, how? Because with – by failing to grant – or by failing to issue the written determination as required under the statute, the – the Respondents have effectively insulated their – their review – essentially insulated their actions from review. This Court is not being asked right now to determine whether or not, you know, the agency action was arbitrary with respect to the granting or denial of remedial education benefits. We don't even have the actual grounds for which the agency allegedly wants to or believes it has denied Mr. Nagahi on – on those benefits. Right. So you could have taken – or your – your client could have petitioned for mandamus in State court, right? I disagree. Under 1094.5, I believe that it makes very clear that the writ of mandamus is reserved when you have a – a quibble with what the agency found. In this instance, Mr. Nagahi prevailed. Well, no. You've got – what you wanted was a written decision. Yes. And so mandamus would be available. If you believe a written decision is required, mandamus would have been available for your client as a potential remedy to compel the agency to issue a written decision, right? Well, first of all, I – also, I should say – I'm not saying you're successful or not. I'm not arguing – No, no, no. I know. I just want to say the State has only raised that very recently, and I believe that that – that defense for the State has been waived because they brought it up – I'm trying to understand your First Amendment claim. Sure. Okay. So if he has an avenue of – of potential legal appeal to compel the State, how is that a denial of the right to petition? I disagree that he has that avenue. The way that – the way that 1094 is written is that if you question the validity of a final determination of an agency, you're allowed to go into State court to challenge that validity. Mr. Nagahi won his appeal, so I don't know what – why he would not be challenging the validity of the determination. And in this case, you have asserted – you claim that the district court, the federal district court, has the right to compel the agency to issue a written finding, right? Yes. So, again, how has he been deprived of his right to petition? Because they have not actually issued the written determination, and the district court refused to – to give him that relief. And what's your best case that the failure to issue a written decision constitutes a violation of the First Amendment right to petition? Because it essentially bars you from the courthouse doors. I mean, do you have – do you have a case? No. I think that this is a very unusual case in that the other cases that we have cited, there's government action that appears potentially unrelated to – or could be unrelated to the First Amendment rights that the – that the party is exercising, and that in these – in those cases, it has to be – they've sought to establish a nexus between  Here, he clearly has a First Amendment right to seek redress from the court, and by their very acts, they have denied him the ability to even go in and appeal that order to the ALJ. In addition, even if this court were to find that a retaliation was required, I think there's ample evidence in the record that shows the State has retaliated against him. The ALJ obviously already noted that she only had jurisdiction if a written determination could be made. And it's very clear that Defendant Crawley was angry at Mr. Negahee for continually appealing and winning his decisions. I mean, in the record at 478, he says, it's just the fact that he's been hiding under the San Jose appeals office skirts, and you've been allowing it. Aside from the blatantly sexist remark, I think that just demonstrates his anger at Mr. Negahee in seeking his appeals and winning. And so I don't think it's we have established, I believe, that the State has retaliated. Two minutes? Sure. Thank you. Counsel? Good morning, Your Honors. My name is George Prince, and I'm representing seven individuals of the former and current employees of the Education, excuse me, Employment Development Division Department of the State of California, all of whom have been accused in various roles of having violated the rights of Petitioner Mr. Negahee. Can you speak up a little? Yes, of course, Your Honor. My apologies. Again, may it please the Court, my name is George Prince, and I'm representing seven individuals former and current of the Employment Development Department of the State of California, all of whom have been accused in some fashion or another of violating the rights of Petitioner in the various interactions they had with him over a four-year period between 2003 and 2007 before he walked away from the State appeals process and brought this action in Federal court. You have conceded what I had thought were originally were the two principal issues, which are that there should be a remand so that there may be a written determination as to his eligibility and so there may be a determination of the trade readjustment allowance monetary benefits to which he is entitled. Your Honor, at the time that brief was submitted to the Court, I was of the view that those were possible remedies to which Mr. Negahee was entitled. Upon further review and pointing out back to the brief, those were conditional concessions. We did not unconditionally say that he was entitled to that. And after review of the record, I actually think Judge Fogel got it right in his nine-page order. I think summary judgment was appropriate on both issues. For a reason that, for different reasons than the agency gave? Yes. You raised the issue of exhaustion for the first time on appeal. The agency did not say that, did not deny benefits because of exhaustion. True? Yeah. And I need to try to distinguish. There are two different exhaustions at issue here. One is the exhaustion of the unemployment insurance benefits that Judge Fogel examined. And those, there was never a final developed record before Judge Fogel as to a determination by the agency that Mr. Negahee was entitled to those. So you concede that it was improper for him to base his decision on that. Correct. I don't know that it was improper because he had the ability to review the entire record. This was not a review by Judge Fogel of the administrative record below. This was an independent action. I understand. But I guess I don't understand your position. You urged in front of Judge Fogel that he make a decision based on factors that were not involved in the administrative process. He made that decision. And on appeal, you say, we agree the district court erred. And today you're saying, no, the district court didn't err. So I'm, you'll have to clarify for me because I've completely lost, you've completely lost me with your argument. Well, my apologies. Well, no, I mean, when you make a concession and you say I didn't mean to concede that, I don't know where we are. But you still are conceding summary judgment, so aren't you still conceding Aren't you taking the same position that you took in your briefs? Yes, in essence. But retracting the specific concession that he was, he's still entitled to those two, two factors, factual issues that are still outstanding, the, what Judge Fogel referred to as the A-6 credits and the remedial education benefits. So that you're not, you're not agreeing as a part of the summary judgment that they're entitled to that I thought you had conceded they were entitled to. They may be entitled to compensation. The only way we can make that determination is with a remand to the court. But I still don't think that's necessary because I think on the record before him, Judge Fogel was, made the proper decision as to those, those A-6 credits. Certainly to the extent of the Federal action, it may need to go back to the administrative process if Mr. Nagahi wants a final determination. There was never a final determination made by the ALJ as to the A-6 credits. There were some nibbles around the edges and several repeated statements by the administrative judges that, and I can quote, the records replete with them. Provided plaintiff is other, excuse me, provided Mr. Nagahi is otherwise eligible for the credits. That's the record at page 579. If otherwise eligible for the credits, that is from a CUIAB decision reversing the administrative judge's decision. So the summary judgment has to be reversed. You concede that. Here's what you say is that you do not contest the possibility that Petitioner may be eligible to receive additional trade readjustment allowance, monetary notification from EDD. May be entitled. So, yes, Your Honor, I will agree with you on that, that the summary judgment could be dismissed on or sent back. Well, if he is potentially eligible, then why was, why do you maintain that the summary judgment was appropriate? Because I think on the record, with a more full review of it, Judge Fogel did get it right by going through the record. Much of this record was not even developed at the point, I mean, before it got to this Court. Is there a way to bring this to an end? There is, Your Honor. What is there? There have been attempts made. I know this is not a settlement forum, but there have been attempts made to resolve this case. There were two settlement conferences in the district court. We attempted to have this go before the Ninth Circuit mediation panel. It is something that I've always felt should be resolved outside of the full courtroom, but our efforts to try and push for that result have been revoked. Did the plaintiff have counsel at the time he tried to resolve it? I'm sorry, Your Honor. Did the plaintiff have counsel at the time he tried to resolve it? No, he did not, Your Honor. And we recognize that as a pro se litigant, he's entitled to a fair amount of leeway, but there still has to be some cooperation and some back-up. Have there been settlement attempts with the present counsel? Yes, and simply by means of my office offering to submit this to the Ninth Circuit mediation panel, and I can't address the reasons that that was not accepted. But it did not go there. We've had great, great results from Ninth Circuit mediators before. You didn't do what? You didn't? No, it did not go anywhere. It didn't go to the mediators? No, it did not. I'm sorry. I was trying to say that I have had very good results in the Ninth Circuit mediation program before. I think it's a great program, and I don't say that just to be sycophantic. Another reason that, you know, should the summary judgment grant be overturned, the matter does need to go back for a further development of the record. It needs to be a complete administrative record. The two items, again, that were never fully adjudicated below were the A-6 Additional Trade Readjustment Act credits and, as a separate matter, the remedial education benefits. And those are a thorny matter. Those, again, were mentioned in the record, and counsel mentions that the administrative judge ordered that a determination be made. But that was never a square point before that judge. It was said somewhat in passing in one of the other appeals process. And it was actually the results he sought or the benefits he sought were for training that he had several years before that. It was all in, you know, for past training he had gotten. And this Court, as well as Judge Fogle, can take judicial notice of the CFRs, one of which is reproduced in page 5 of the Addendum to Petitioner's Reply Brief, where it makes a specific reference to what remedial education benefits consist of. And there has been a wholesale transformation of the definition of that word by, in the record here, Mr. Nagahi, when he was representing himself, made a point of preventing the judge from being told, as she was by one of the EDD staff members, as to what those benefits consisted of. And there were essentially benefits for English as a second language or some sort of remedial math. Mr. Nagahi was a trained engineer with a bachelor's degree working toward a master's degree in science. As the record shows in our brief, the trade coordinator statewide from the State of California who administered this program for more than seven years explained in our motion for summary judgment to Judge Fogle that those benefits were simply not something that was available, and Judge Fogle accepted that. So leaving aside the claims for damages that we discussed earlier, how much do you think is at stake in this appeal monetarily? Not at all, Your Honor. There are no damages here. No, no. I'm not talking about the – I said leaving aside the question of damages. In terms of just the straight benefits from the Trade Readjustment Act, what's at stake here? Oh, so I'm certain for those benefits, the ASICs benefits. Sorry, I don't have that figure in front of me now. I did know it at one point, but it is somewhere, as I recall, in under $10,000. Yeah, that was my impression, too. So at the end of the day, what we're talking about is maybe $8,000 to $10,000 here, right? At most. And if there's interest, maybe it comes up a bit. But, yes, it's not an insignificant amount, but it is – it's not an amount that would support any sort of dollar. Except now. It seems to be a Federal case, as it were. That is, they filed a motion for summary judgment on various constitutional claims, and I obviously corrected in terms of the Eleventh Amendment. They're bringing the claims against individual parties whom you're representing. And what factual basis has been developed for resolution of those particular constitutional questions? None whatsoever, Your Honor. During the course of the litigation below, when it was in front of Judge Trump, Magistrate Judge Trumbull, she dismissed the attendant state causes of action that Mr. Nagahe had attached for failure to file the requisite government claims form. So I don't think there's any damages out there on any of the theories that were in any sort of a state theory. The only theories they've got now are this nebulous First Amendment theory, which seems just without foundation whatsoever. He was not prevented from seeking redress or seeking to petition the government. And the other constitutional Fifth and Fourteenth Amendment due process. Mr. Nagahe may be very unhappy with the process he got, but in the four years before he abandoned the state administrative process and again made it, as Your Honor pointed out, a federal case, he had more process than I think most people ever want to have or can have. Well, he kept winning, too. Pardon? He kept winning. He kept winning in piecemeal bits. He would go up on a single determination initially whether or not he was entitled to the benefits, and the review panel said, given the circumstances, you are not – I mean, the catchword that they use is somewhat or well in, but it's repeated over and over, provided Petitioner is otherwise eligible for the benefits. He goes back and there is yet another hurdle he hadn't jumped through. It seems very – Well, it did seem to – reading the record in all fairness to him, it did seem like they were changing the rules on him. He gets denied for one reason, then another reason, and there was not a cohesive, coherent saying, here's what you need to do. He would seem to follow the instruction, would complete that, and then there's a denial on a different basis. Maybe that's just the way the system is, but you can understand the frustration. If you interrupt the process at every step rather than working with a staff that has run off in a huff and appealed a certain decision, and it takes several months for that to be resolved, and the judge in the administrative court says, yes, on this one issue, you were wrong, but I will correct it and fix it, send it back. If you are not otherwise ineligible, you can receive the benefits. And it does seem as if he had to go back over and over again, but it wasn't because the rules were changed at any point. The Department has to be very careful about the way it administers this program because it's subject to Federal audit, and if the Federal Trade Commissioner or whoever administers it, it comes in and finds that the State has been not following the rules on how it administers the program. The State is subject to having this assistance cut off to everyone. Can you explain to me, once the ALJ said to the State, you have to make a written determination, and the State didn't do that, what remedies do you think he had at that point? He certainly could have taken it to the State Superior Court on an administrative mandates matter. He didn't need the band-aid. You heard your opponent's reply to that. He said, no, that's not a remedy that's available under the statute. So what's your response to that? Well, it's always available for any determination in an administrative matter in State court. You can go to the court of appeal and say the administrative courts got it wrong. Mr. Nagahi never took that avenue. He wasn't required to. He could abandon his route there and come to Federal court, as he did, but he gets to Federal court and he's got a case that is not sufficient to get the relief he wants. The State administrative court or Superior court could have well told the administrative court, okay, we're going to go and require that you actually direct him to seek that remedial education benefit determination or have that done. It was, sorry, being inarticulate here, but such a remedial education benefit determination was never ordered by the administrative court. It was touched on in passing in one of the sessions, but before Judge Scherer, but it was never a matter that he sought. And I understand he didn't have a chance to take that up because he didn't get that determination, but that doesn't change, though. So what you're seeking is for us to remand it back with nothing else, just remand the motion for summary judgment or the granting of summary judgment back, and then essentially start over. Yes, with the development of a more thorough administrative record, and it perhaps would have a smoother voyage. It would seem to me that it would be, there must be some simpler way to end this case without having to remand and then develop a new administrative record about a claim that's under $10,000. You know, just assume you were, how much in attorney's fees is this costing both sides? If you had a private lawyer doing this from the beginning, it might have been easier, but by now it would be well over $100,000 in attorney's fees for them. And I assume if you've held this case personally, it would be worth a lot for your time, too. It's so many times more. And now to go back and develop an administrative record and then start all over again with this, isn't there a simpler way to resolve this? I could not agree with you more, Judge Reinhart. I've always thought this was a case that should have been resolved many, many years ago. And if there were a way to compel the parties into some sort of a binding mediation, I would welcome that in a moment. I can see that my time has passed. Let me ask one more question. Yes. What's the status of discovery? And I say that because it wasn't really relevant to this appeal, so I didn't flyspeck the record. But what I saw was there were motions to compel, there was a trial date set, there was a whole bunch of, there were some depositions that seemed to be outstanding, and the parties seemed to say, okay, we think we can resolve this on cross-motion, so we're going to forego that. So this case goes back. Is there a lot, I assume that there's a lot more discovery that needs to be taken. Is that true or not? I don't think so. Discovery occurred. I prepared for a jury trial on two separate occasions, doing everything myself. I mean, jury instructions and the trial briefs. Right. You were to the, you got right to the point of trial, it looked to me, at least once maybe. Didn't you say twice? Twice. And at every point as we approached the eve of trial, Mr. Nagahi decided for whatever reason that he was not prepared or that we were not ready to go forward. Okay. I think there's a pathology here, Your Honor. Well, before you get into that, I mean, so the short answer is you think discovery is concluded. There was discovery in it. It has been a few years ago. Part of it is in the record before this Court. But there is more of the record, you just said, that has to be developed. Well, for example, Your Honor, the transcripts that are part of the record before this Court were, had never been transcribed prior to the motion for summary judgment. Those transcripts were, transcripts were, transcripts, excuse me, were put together from audiotapes that were recorded during the sessions in front of the administrative judges, and those were done at, you know, after the case got to this forum. All right. Thank you. Thank you, Your Honor. Your Honors, I just wanted to address a few points that came up. First is that we are appealing a grant of summary judgment in favor of the, of the Respondents as well. So that's why I believe we have jurisdiction here on the appellate level. And also in Tucker v. California 97F3-1204, a previous panel of the Ninth Circuit both reversed a grant of summary judgment and, as to one party and granted it as to another. I think you'll find some contrary case law out there. Yes. I realize, I realize that I asked you that off the top. You weren't prepared to answer that because it had not been an issue, so. And I just wanted to address a few other points, which is, one, that the State surprised me today with its retraction now or somewhat retraction of its, of its previous position. And that is something that has occurred to Mr. Negahee repeatedly over the eight years that he has been litigating this issue and these issues. It's not as though he's some sort of annoying pro se litigant who just can't take no for an answer. He has, as you've said, Judge Thomas. Well, what do you think about whether there's some better way to try to resolve this claim at this point than going back down, going through something else, coming back up here, spending another few years and trying to get them as benefits? Are you interested or willing to go to mediation? I believe at this time my client is not willing to do so. I think given now what I've just heard from the State, he's going to be even further apart on that just because he really can't take the State at its word repeatedly throughout the administrative procedure process. What does that have to do with mediation? Because you have to take certain stands and who knows if it's going to be retracted when you get up in front of the Ninth Circuit. I think for Mr. Negahee, and obviously I don't want to really reveal client confidences, but I just don't think at this juncture that that's the case. You sound like Speaker Boehner. Well, I hope that's not true for a variety of reasons. But I can obviously take this back to my client, but I do not expect that he will So when you walked in today, did you think that the State had agreed that he was to be compensated for all of the lost monies that he was supposed to get? Yes. I mean, I think it's an unusual brief to read. They concede major points, and we felt that they conceded two principal aspects of the relief that we've sought, although they also somehow believe that he can be granted these benefits but the State cannot be found in violation of any of the actual statutes or the Constitution, which troubles me because it's very clear that if you are entitled to this relief, then a statute or the Constitution has been violated. And one other thing I just wanted to point out was a comment by Judge Reinhardt about the eight years doesn't seem that long with respect to Social Security benefits. This is not one of those cases where the litigant has been unsuccessful and has tried for eight years through the whole process to finally win. Mr. Nagahe won before the ALJ in 2006 on both of these issues, and the State, through its intransigence, has refused to give him these benefits. And as you say, I mean, it's not $10,000. We believe that it is more potentially closer to $30,000. But the State has seesawed back and forth between positions, has raised new issues, and I think has sort of taken advantage of his pro se status in any case. And finally, I just wanted to say that he didn't abandon the process. He appealed, as he should have, the determinations that the State made, and he won on all of them. And I would like to point out that the State agency is actually the people who prepare the written determinations such that the ALJ can adjudicate them. So, if anything, it's not that Mr. Nagahe got one adverse determination against him and immediately appealed so that he drew out the process. What happened was that the State said, you can't get it for these grounds, and then he says, okay, I'm going to appeal. Instead of the State doing a full explanation as to here are all of the reasons why you were not eligible for these benefits, the State just issues one ruling, and then he's forced to appeal that, and then they come back saying, oh, well, now that you've appealed that in one, here are five other reasons why you have not appealed. That's... It's frustrating to deal with government, but that's part of life. Is it possible for you to calculate to the benefit of your client what you think he should really get, and then go into mediation with the State and see if the mediator can succeed in getting him an amount? You know, it's tempting to say try to overthrow a system that seems unfair, but I don't know that that's what your client's principal interest is. I assume he really wants to get his benefits. He does really want his benefits, but he also wants the vindication of his constitutional rights. Eight years, I think, is too long. Well, eight years is significant, but I think Judge Reinhart's point is that it's unfortunate that other, in social security context and others, it takes that long, but it doesn't give rise to a constitutional. That's not a denial of First Amendment rights and petition. But eight years ago, there was an order saying issue this determination. Yes. You are entitled to these benefits, and under the California Code, 1335, the moment that an applicant is found to be eligible for benefits, the payments are supposed to begin. They did not do that. I mean, there's a Supreme Court case. Right. But analytically, he did petition. He did win. The question was enforcement of that. And it's a pretty novel First Amendment theory. I'm not saying it's so novel that you couldn't try it, but if we reverse summary judgment, you've got to go to trial on it. We would say, though, that you could also adopt the retaliation. No, that's a fact-based. I mean, as I listen to you, I understand you've got some retaliation evidence, and maybe a genuine issue of material fact on retaliation, but you've still got to try it. I don't believe there is a ---- We can't grant summary judgment on retaliation, I don't think, when the State contests the facts. Well, the State hasn't contested the facts, though. I'm sorry, Your Honor. You know, I mean, these statements were made. They say, but we didn't retaliate. So they're entitled to put on their evidence, aren't they? They were entitled to do that in their summary judgment briefing. If you read and go back to the record of where they explain why the First Amendment was not violated, it's a paragraph, they felt content with that being their defense. They don't raise any of the issues that ---- they don't raise the retaliation or impetus as a defense. So I think that under the record that you have before you, you can find that there are no disputed facts and that the facts clearly favor Mr. Nagahe on this point. Well, so when you walked in today, you thought that they had agreed to pay all of the monies that were due to your client. Is that correct? I mean, aside from the constitutional issues, but all of the back payments, you had thought they had admitted that. Yes. To what extent are you relying upon a judicial admission concept? That is, from that brief, they basically said, we will pay back all of the monies that he was entitled to in these two particular briefs. We're definitely relying on that. But there's also a portion in the record, if you go back to Defendant Crawley's declaration in the support of the Second Motion for Summary Judgment, he talks about implementing Judge A.L.J. Schor's order to grant him additional T.R.A. benefits. And the language he uses is very clear that he knows that she granted him the A.L.J. or that she granted him the additional T.R.A. benefits, and so there's really no explanation as to why then those benefits did not flow. Well, I think the government's position is that it conceded, and I don't want to put words in the government's mouth, but government counsel's mouth, they conceded eligibility for benefits subject to the other qualifications. That's what I understood the concession to be in the brief and the concession today, that they did not agree that the benefits would issue, but eligibility for further consideration is what I understood the concession to be. Well, I disagree. I respectfully disagree with the government's position on that, because when the A.L.J. issued the order, it then ---- We're just talking about the nature of the concession. Yes. It's not suggesting the concession was much broader than that earlier on. You're saying the concession was, we understand that you're entitled to the mistletoe. Right. And that's where they then raised, well, it's very difficult because of this exhaustion requirement. That was, again, the first time they'd ever raised that. That wasn't what the agency had told him before. And so I can't ---- they can't have their cake and eat it, too. They can't say on the one hand, yes, she ordered this, but we can't give it to you because of this reason we never articulated before. I think the admission stands that they realize that the A.L.J. ordered them to pay. Thank you. Thank you all. Case discussion will be submitted.
judges: Sessions, Reinhardt, Thomas